Judgment rendered July 15, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

\* \* \* \* \*

ON REMAND

\* \* \* \* \*

No. 53,189-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

\* \* \* \* \*

STATE OF LOUISIANA                                Appellee

versus

WILLIE DEWAYNE LYNN                        Appellant

\* \* \* \* \*

On Remand from the
Louisiana Supreme Court

Originally Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 338131

Honorable Katherine C. Dorroh, Judge

\* \* \* \* \*

LOUISIANA APPELLATE PROJECT                Counsel for Appellant
By: Douglas L. Harville


JAMES E. STEWART, SR.                            Counsel for Appellee
District Attorney


TRENEISHA J. HILL
CHARLES K. PARR
JASON W. WALTMAN
Assistant District Attorneys

\* \* \* \* \*

Before WILLIAMS, PITMAN, and STONE, JJ.

**WILLIAMS, C.J.**

The instant matter comes before this Court on remand from the Louisiana Supreme Court. *State v. Lynn*, 2020-00283 (La. 6/3/20), ___ So. 3d ___, 2020 WL 3424534 (Mem). The defendant, Willie Dewayne Lynn, was convicted by a non-unanimous jury of attempted second degree murder and sentenced to 35 years' imprisonment at hard labor, without benefits. In light of the United States Supreme Court's ruling in *Ramos v. Louisiana*, ___ U.S. ___, 140 S. Ct. 1390, 206 L. Ed. 2d 583 (2020) and the fact that this matter is on direct appeal, the defendant's conviction must be reversed and his sentence vacated. Consequently, the defendant is entitled to a new trial.

In *State v. Ramos*, 2016-1199 (La. App. 4 Cir. 11/2/17), 231 So. 3d 44, *writs denied*, 2017-2133 (La. 6/15/18), 257 So. 3d 679, 2017-1177 (La. 10/15/18), 253 So. 3d 1300, the defendant was convicted of second degree murder by a vote of 10-2. The murder was committed in 2014; he was found guilty in 2016. The defendant appealed his conviction, arguing that the trial court erred in denying his motion to require a unanimous jury verdict. He asserted that La. C. Cr. P. art. 782 violates the Equal Protection Clause contained in the Fourteenth Amendment of the United States Constitution and Louisiana's statutory scheme permitting non-unanimous jury verdicts in noncapital felony cases should be declared unconstitutional. Citing *State v. Bertrand*, 2008-2215 (La. 3/17/09), 6 So. 3d 738,[1] the court

---

[1] In *State v. Bertrand*, *supra*, the Louisiana Supreme Court reversed the trial court's finding that La. C. Cr. P. art. 782(A) violated the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, relative to the number of jurors needed to concur to render a verdict in cases in which punishment is necessarily confinement at hard labor.

upheld the constitutionality of Article 782, finding that under current jurisprudence from the United States Supreme Court, non-unanimous twelve-person jury verdicts are constitutional.

In 2019, the United States Supreme Court granted *certiorari* to determine whether the Fourteenth Amendment fully incorporates the Sixth Amendment guarantee of a unanimous verdict.[2] On April 20, 2020, while this defendant's writ application was pending in the Louisiana Supreme Court, the United States Supreme Court rendered its decision in *Ramos v. Louisiana*, *supra*, holding that the Sixth Amendment right to a jury trial, as incorporated by the 14th Amendment, requires a unanimous verdict to convict a defendant of a serious offense in both federal and state courts. The Court concluded, "There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal trials equally[.] So if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court." *Ramos v. Louisiana*, 140 S. Ct. at 1397. Thus, according to *Ramos v. Louisiana*, *supra*, the State of Louisiana must grant a new trial to all defendants who were convicted of serious offenses by non-unanimous juries and whose cases are still pending on direct appeal.[3]

_____

[2] *Ramos v. Louisiana*, 139 S. Ct. 1318, 203 L. Ed. 2d 563 (2019).

[3] We further note that an amendment to Louisiana Constitution art. I, § 17 was approved by voters in a statewide election in November 2018. That section now provides, in pertinent part:

> A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case for an offense committed prior to January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be

2

In the instant case, as stated above, the jury was not unanimous in finding the defendant guilty of the serious offense of attempted second degree murder. The jury was polled revealing a vote of 11-1. Additionally, we note that the issue was not raised in the trial court and, thus, not preserved for appellate review. However, we recognize this error as patent on the face of the record. *State v. Lynn*, *supra*. Therefore, in light of the United States Supreme Court's ruling in *Ramos v. Louisiana*, *supra*, and the fact that this matter is on direct appeal, we hereby reverse the defendant's conviction for attempted second degree murder, and vacate the sentence imposed. Accordingly, the defendant is entitled to a new trial.

## CONCLUSION

For the foregoing reasons, the defendant's conviction is hereby reversed and the sentence is vacated. The matter is remanded to the trial court for further proceedings.

**CONVICTION REVERSED; SENTENCE VACATED; REMANDED**.

---

tried before a jury of twelve persons, all of whom must concur to render a verdict[.]

Likewise, the Legislature amended La. C. Cr. P. art. 782(A) in 2018, to provide in pertinent part:

A case for an offense committed prior to January 1, 2019, in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. A case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.